United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-30795

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON GREEN, also known as B,

Defendant- Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:03-CR-355-3-K)

_____

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Green appeals the 160-month sentence imposed by the district court on the

grounds that the court unconstitutionally enhanced his sentence on the basis of facts

neither pleaded to nor proved in violation of United States v. Booker, ___ U.S. ___, 125

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

S. Ct. 738 (Jan. 12, 2005). We affirm the sentence for the following reasons:

1.    Green reserved his right to appeal any sentence that constituted an "upward departure from the guideline range deemed most applicable by the sentencing court." The waiver is ambiguous but we assume Green has reserved his right to appeal.

2.    Because Green preserved the Booker error, we review the sentence imposed by the district court for harmless error. United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). In reviewing for harmless error under Federal Rule of Criminal Procedure 52(b), the burden shifts to the government to show that the Booker error was harmless by demonstrating beyond a reasonable doubt that the district court would not have sentenced differently had the error not occurred.

3.    Booker contemplates that, "with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005) (citing Booker, 125 S. Ct. at 750, 764). The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence. Id. In this case, the district court found by a preponderance of the evidence that Green was accountable for a greater quantity of drugs than that specified in

the bill of information and that Green possessed a firearm during the conspiracy. The district court indicated, in issuing its alternate "discretionary" sentence, that it would apply the enhancements for these factors under an advisory Guidelines scheme, and impose a 160-month sentence.

4.   Under the discretionary sentencing system established by Booker, we review a sentence imposed by the district court for reasonableness. Id. at 518. If the sentencing judge exercises its discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines. Id. at 519. Because it falls within the Guideline range based on enhancements that are permissible under an advisory sentencing scheme, we find the 160-month alternate sentence reasonable.

5.   Because the district court has indicated it would impose the same 160-month sentence under an advisory Guidelines scheme and because that sentence is reasonable as within the Guidelines, the Government has borne its burden of showing beyond a reasonable doubt that the Booker error did not affect Green's substantial rights.

AFFIRMED.